UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO.: 4:08CV-60-M

DAVID B. SIMMS, JR.                                                                              PLAINTIFF

v.

BRENT McDOWELL, Individually                                                         DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon a motion by the plaintiff, David B. Simms, Jr., to set aside the judgment entered against him [DN 41]. Fully briefed this motion is ripe for decision.

**I. INTRODUCTION**

On June 1, 2007, the defendant, Brent McDowell, performed a traffic stop on the automobile Simms was driving because the vehicle did not have a license plate affixed to its rear bumper. For the reasons discussed in the Court's Memorandum Opinion and Order of September 25, 2009 (DN 39,) McDowell searched the vehicle and seized an unlabeled pill bottle containing a white residue. McDowell testified through an affidavit attached to an arrest warrant that a field test conducted upon the white residue resulted in a positive reaction for cocaine. However, later lab testing showed that the powder was only acetaminophen. Simms filed this action alleging that McDowell lied in his arrest warrant affidavit and that McDowell, therefore, violated his Constitutional rights. This Court granted summary judgment in favor of McDowell finding that Simms "failed to present any proof, other than speculation, that

McDowell lied in his affidavit in support of the arrest warrant." (DN 39 at 10.) Simms now argues that, pursuant to newly discovered evidence, the judgment should be set aside so that he may retain an expert to dispute the findings of McDowell's expert.

## II. MOTION TO SET ASIDE STANDARD

Motions to alter or amend a judgment may be "made for one of three reasons: (1) An intervening change of controlling law; (2) Evidence not previously available has become available; or (3) It is necessary to correct a clear error of law or prevent manifest injustice." United States v. Jarnigan, No. 3:08-CR-7, 2008 WL 5248172, at *2 (E.D. Tenn. Dec. 17, 2008) (citing Fed. R. Civ. P. 59(e); Helton v. ACS Group, 964 F. Supp. 1175, 1182 (E.D. Tenn.1997)); see also GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999). Rule 59(e)[1] is not intended to be used to "'relitigate issues previously considered' or to 'submit evidence which in the exercise of reasonable diligence, could have been submitted before.'" United States v. Abernathy, No. 08-20103, 2009 WL 55011, at * 1 (E.D. Mich. Jan. 7, 2009) (citation omitted); see also Elec. Ins. Co. v. Freudenberg-Nok, Gen. P'ship, 487 F. Supp. 2d 894, 902 (W.D. Ky. 2007) ("Such motions are not an opportunity for the losing party to offer additional arguments in support of its position."); Browning v. Pennerton, No. 7:08-CV-88-KKC, 2008 WL 4791491, at *1 (E.D. Ky. Oct. 24, 2008) ("[A] motion for reconsideration is not a vehicle to re-hash old arguments . . . ."). Motions to alter or amend a judgment pursuant

---

[1] Simms also contends that because of newly discovered evidence he is entitled to relief under Rule 60(b)(2) which requires a movant to "demonstrate (1) that it exercised due diligence in obtaining the information and (2) that the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment." Good v. Ohio Edison Co., 149 F.3d 413, 423 (6th Cir. 1988) (internal markings and quotation omitted).

to Rule 59(e) "are extraordinary and sparingly granted." Marshall v. Johnson, No. 3:07-CV-171-H, 2007 WL 1175046, *2 (W.D. Ky. Apr. 19, 2007).

### III. DISCUSSION

Simms' primary contention is that the report of McDowell's expert, Thomas Kupiec, was never fully disclosed. In that report, Kupiec opined that certain substances can cause a false positive reaction when exposed to cobalt thiocyanate, the active reagent found in field drug test kits. Kupiec performed an experiment to determine whether acetaminophen could cause a false positive reaction. He took two photographs; one taken immediately after conducting the experiment and one taken 35 minutes later. Each of these photographs was referenced in Kupiec's report; however, only the latter photograph was provided to Simms' counsel.[2] Simms now argues that the first photograph showed a negative reaction to acetaminophen powder, and it was only the second photograph that showed a "faint positive" reaction. He also asserts that if he had been provided the appropriate photographs, he would have had the opportunity to retain an expert to rebut Kupiec's findings. And because "it is now apparent that the defendant has produced no proof that on a field test swipe such as conducted by McDowell there is a positive finding for Cocaine on Acetaminophen," (Pl's.' Mot. Recons. at 3,) the judgment entered against him should be set aside.

Although the Court finds, pursuant to the affidavits of Connie Johnson and Kenneth Haggard, that Simms' counsel was inadvertently provided the incorrect photographs, the Court

---

[2] Apparently through inadvertence, McDowell's counsel provided two copies of the latter photograph, rather than one copy of each photograph.

3

does not find that this error warrants setting aside the judgment entered against the plaintiff. Simms reasons that if he could retain an expert to opine that Kupiec did not obtain a false positive reaction immediately after his experiment was conducted, then that would necessarily mean that acetaminophen could *never* cause a false positive reaction, (see id. at 5,) and therefore, that McDowell did not obtain a false positive reaction. But even if Kupiec did receive a negative reaction immediately following the experiment, it does not necessarily follow that it is impossible for acetaminophen to cause a false positive reaction. Kupiec's experiment was not designed to show that acetaminophen *always* causes a false positive reaction for cocaine; only that it *could* cause such a reaction.

As the Court noted in its prior Opinion, it is the plaintiff that has the burden of proof. (DN 39 at 10.) Simms, in response to the defendant's motion for summary judgment, was required to introduce record evidence from which a reasonable juror could infer that McDowell lied in his affidavit. He failed to do so. And receiving the incorrect photograph had nothing to do with Simms' failure to "produce specific facts demonstrating a genuine issue of fact for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). Even if Simms were able to discredit Kupiec's opinion, without more, summary judgment would nevertheless be appropriate. See Lamping v. Walraven, 30 F. App'x 577, 580 (6th Cir. 2002) (unpublished) ("The mere fact that the laboratory test returned a contrary result does not raise an inference that [the defendant] was lying when he said his tests came out positive; more evidence is needed").

4

## IV.  CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that the motion by the plaintiff, David B. Simms, Jr., to set aside the judgment entered against him [DN 41] is **DENIED**.

cc:     Counsel of Record